I respectfully disagree with the majority in the present case for failing to award the plaintiff continuing disability until she returned to work with another employer on September 5, 2006. A review of the record in this matter shows that on November 16, 2005, Dr. Yuson wrote the plaintiff out of work through January 2, 2006. During this time, the plaintiff received a termination letter from the employer informing her that her employment was terminated effective November 22, 2005. Thus, when plaintiff was released to return to work with no restrictions by Dr. Yuson on January 2, 2006, she did not have a job to which she could return. Plaintiff's total disability compensation payments pursuant to N.C. Gen. Stat. § 97-29 were discontinued by the defendant at the end of January 2006, even though the plaintiff had not returned to work. Plaintiff was unable to secure other employment until September 5, 2006.
N.C. Gen. Stat. § 97-18.1(a) provides: "Payments of compensation pursuant to an award of the Commission shall continue until the terms of the award have been fully satisfied." In the present case, payments of compensation were initiated pursuant to a Form 60 field by the defendant on October 13, 2005, for disability beginning July 14, 2005. N.C. Gen. Stat. § 97-18.1(b) provides that an employer may terminate payment of compensation for disability benefits being paid pursuant to N.C. Gen. Stat. § 97-29 "when the employee has returned to work for the same or a different employer. . . ." In the present case, plaintiff did not return to work with the same or different employer until September 5, 2006. N.C. Gen. Stat. § 97-18.1(c) provides that an employer seeking to terminate or suspend compensation being paid pursuant to N.C. Gen. *Page 12 
Stat. § 97-29 for a reason other than those specified in N.C. Gen. Stat. § 97-18.1(b) shall notify the employee and the employee's attorney of record in writing of his intent to do so on a form prescribed by the Commission. In the present case, defendant did not file with the Commission a Form 24 application to terminate benefits and, thus, did not notify the employee or the employee's attorney of its intent to terminate or suspend compensation.
The undersigned believes that defendant's unilateral termination of the plaintiff's compensation was improper under the Workers' Compensation Act, and was in violation of N.C. Gen. Stat. § 97-18.1(c) and the Rules of the Industrial Commission. The plaintiff was entitled to receive ongoing temporary total disability compensation through September 5, 2006, the date in which she returned to work. For these reasons, I must respectfully dissent from the majority's Opinion and Award.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1